[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11834
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-227-543 & A95-227-544

ROBERTO NICOLAS VISBAL GUERRA,
NUBIA MANDON IBANEZ,
HUMBERTO J. VISBAL MANDON,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 18, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Roberto Nicolas Visbal Guerra, his wife, Nubia Mandon Ibanez, and his son, Humberto J. Visbal Mandon, Colombian nationals and citizens, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's previous denial of their motion to reopen. The petitioners argue that the BIA abused its discretion by denying reconsideration. For the reasons set forth more fully below, we deny the petition.

Visbal Guerra unsuccessfully sought asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Asylum and withholding of removal under the Immigration and Nationality Act ("INA") were denied on the ground that Visbal Guerra failed to establish persecution on account of a protected ground because the National Liberation Army's ("ELN") motive was monetary.

The petitioners sought to reopen their removal proceedings, alleging that new evidence demonstrated that the persecution was on account of imputed political opinion. In support of their motion, the petitioners submitted statements by Ruby Estela Visbal Guerra ("Ruby") and Maria Estela Visbal Ballesteros and a death certificate. Ruby stated that, on Sunday, June 26, 2005, two men from the ELN came to her sister's home and asked her, her sister Nancy, and her mother about Visbal Guerra and his family. The men stated that Visbal Guerra would be

2

tried before the ELN because of his collaboration with the Liberal Party, stating that he should have complied with their demands, especially ceasing his collaboration with the Liberal Party. During the altercation, one of the men pointed a gun at Nancy's head, Ruby's mother fainted, suffered a stroke, and passed away on June 29, 2005, at 5:10 p.m. Ballesteros certified that, on Sunday, July 26, 2005, she went to her niece Nancy's house after Nancy asked for help because Nancy's mother was dying. A death certificate for Dolores Lola Guerra De Visbal listed the date of death as June 24, 2005, at 5:10 p.m.

The BIA denied the motion to reopen. Citing discrepancies between the dates in the documents, the BIA found that an examination of the documents revealed their untrustworthiness. Because it found the new evidence "inherently unreliable," the BIA denied the motion on the ground that Visbal Guerra did not establish a prima facie case of eligibility for relief.

The petitioners filed a motion to reconsider, admitting that the BIA's finding of untrustworthiness stemming from the inconsistent dates was "understandable," but arguing that these contradictions resulted from Ballesteros mistakenly writing "Sunday the 26th of July" instead of "Sunday the 26th of June" and the fact that the person translating the death certificate mistook the nine for a four. In support of their motion, the petitioners submitted a statement by Ballesteros clarifying that an incorrect date was in her previous statement due to a "transcription error in the

document," and that the correct date was June 26, 2005. In an affidavit, the translator of the death certificate stated that she did not realize that she made a mistake in the translation until the BIA denied reopening and, upon "very close examination" of the document and examination of the fours and nines in other parts of the document, the date should have been translated as June 29, 2005.

The BIA denied the motion, finding no error in its earlier decision. The BIA stated:

> In that decision we noted discrepancies between the documents submitted in support of the motion. The respondents now state that the discrepant dates were due to unfortunate mistakes. First, we disagree that the Spanish language death certificate reflects a date of death of June 29, 2005, rather than June 24, 2005. Consequently, we find unconvincing the translator's explanation that she mistook the "4" for a "9." The respondents also contend that Maria Estela Visbal Ballesteros mistakenly wrote July 26, instead of June 26, regarding the date she found her sister-in-law-unconscious. However, in her statement, Maria indicates the error was due to "transcription error." We also note that because the respondents have submitted new evidence they wish to have considered, their motion is more properly characterized as a motion to reopen, and as such it is number-barred.

The petitioners argue that the BIA abused its discretion by treating their motion to reconsider as a motion to reopen because the motion specified errors of law or fact in the BIA's earlier decision and was supported by pertinent authority. They argue that the BIA erred in finding that the attachments constituted "new evidence," as they were necessary to explain errors that the BIA overlooked. The petitioners next argue that the BIA abused its discretion by discounting their

4

arguments. First, they argue that, because the digits four and nine closely resemble each other on the Spanish language death certificate, the BIA's certainty as to the date is "baffling." Second, they argue that, because "transcribe" means "[t]o make a full or typewritten copy of," if Ballesteros did the typing – which she did – she both wrote and transcribed incorrectly. They contend that, more importantly, it does not matter who made the mistake, only than an incorrect date was assigned to the event.

We review the denial of a motion to reconsider for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The denial of a motion to reopen also is reviewed for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). "Judicial review of denials of discretionary relief incident to deportation proceedings, including denials of motions to reopen, is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (citation omitted). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious

5

manner." Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Generally, an alien may file one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); 8 U.S.C. § 1229a(c)(6)(C). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(B). The BIA has distinguished between motions to reopen and motions to reconsider, stating that, upon reconsideration, it considers "the case as though a decision in the case on the record before us had never been entered," whereas a motion to reopen seeks to reopen the proceedings to present new evidence. Matter of Cerna, 20 I. & N. Dec. 399, 402-03 (BIA 1991). "When the [BIA] reconsiders it takes itself back in time and looks at the case as though a decision had never been entered. Thus, if it grants the motion, the [BIA] considers the case anew as it existed at the time of the original decision. By contrast, a motion to reopen asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." Zhao, 265 F.3d at 90 (citations omitted).

6

The petitioners made no attempt to explain the discrepant dates when they filed their motion to reopen. We do not find an abuse of discretion in the BIA's rejection of their attempt to do so on reconsideration. To the extent that the petitioners relied upon new facts that were not in the record at the time the BIA denied their motion to reopen, the BIA correctly followed its own case law and regulations in construing their motion as a motion to reopen. Cerna, 20 I. & N. Dec. at 402-03; Zhao, 265 F.3d at 90; 8 C.F.R. § 1003.2(b)(1), (c)(1); 8 U.S.C. § 1229a(c)(6)(C), (7)(B).

The BIA also addressed and rejected the petitioners' explanations for the discrepant dates. After its own examination of the Spanish language death certificate, the BIA concluded that it reflected a date of death of June 24, 2005. By conducting such an examination, but reaching its own conclusion, the BIA did not act in an arbitrary or capricious manner. The BIA could reasonably conclude that the petitioners' explanation of the incorrect date in Ballesteros's statement conflicted with Ballesteros's own explanation of the mistake. We note that the petitioners' explanation as to why there was no conflict relies upon assumptions and facts not in the administrative record. Moreover, in light of the failure to address the error when Ballesteros's statement was originally submitted and the BIA's rejection of the translator's explanation of the discrepant date on the death certificate, declining to reconsider its earlier decision based on Ballesteros's

7

belated assertion that the correct date was June 26, 2005, was not an abuse of discretion.

In light of the foregoing, we hold that the BIA did not abuse its discretion by denying the petitioners' motion to reconsider.

**PETITION DENIED.**